# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **PATRICE PACKER and JOHNNIE PACKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 2:17-cv-261** |
| | ) | |
| **RYDER TRANSPORTATION SERVICES, INC., RYDER TRUCK RENTAL, INC., EARL TRAVIS DARDEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## NOTICE OF REMOVAL

---

COMES NOW Defendant Ryder Truck Rental, Inc. ("Ryder") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiffs Patrice Packer and Johnnie Packer in the Circuit Court of Marengo County, Alabama, to the United States District Court for the Southern District of Alabama, Northern Division.  In support of this Notice, Defendant Ryder shows the following:

### A.  PROCEDURAL BACKGROUND

1.      Any civil case filed in state court may be removed by the defendant to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

2.     This case was commenced by Plaintiffs on May 11, 2017, in the Circuit Court of Marengo County, Alabama, Case No. 48-CV-2017-900053.   The documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

3.     Service of process was issued to Defendant Ryder on May 11, 2017, and Ryder received a copy of the Summons and Complaint via certified mail on or about May 19, 2017. (See Ex. A, Doc. 7, Service Return Receipt).

4.     Service of process was issued to Defendant Ryder Transportation Services, Inc. on May 11, 2017 and Ryder received a copy of the Summons and Complaint via certified mail on or about May 22, 2017. (See Ex. A, Doc. 11, Service Return Receipt). However, Ryder Transportation Services, Inc. is a trade name rather than a legal entity. Since it is presumably intended for a Ryder affiliated entity, then citizenship would be the same if corrected.

5.     Service of process was issued to Defendant Earl Travis Darden ("Darden") on May 11, 2017, and received a copy of the Summons and Complaint via certified mail on or about May 19, 2017. (See Ex. A, Doc. 9, Service Return Receipt).

6.     This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b)(1) in the United States District Court for the Southern District

2

of Alabama, Northern Division, which is within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1441(a).

7.    Promptly after the filing of this Notice, Defendant Ryder is filing a copy with the Clerk of the Circuit Court for Marengo County, Alabama, as required by 28 U.S.C. § 1446(d).

## B.  DIVERSITY OF THE PARTIES

8.    For purposes of diversity jurisdiction, citizenship of the parties is determined as of the time the complaint is filed.  *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

9.    An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and domiciled in that State.  *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).  Domicile is determined by two factors: residence and intent to remain.  *Id.; Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

10.   On information and belief, Plaintiffs are citizens of the State of Alabama.  At the time the Complaint was filed, Plaintiffs were, on information and belief, residents of Marengo County, Alabama, and were, on information and belief, U.S. citizens.  (See Ex. A, Complaint at ¶ 1).

3

11.     Defendant Earl Travis Darden is a citizen of the State of Mississippi. At the time the Complaint was filed, Defendant Darden was a resident of Lauderdale County, Mississippi, and a U.S. citizen.  (See Ex. A, Complaint Summons).

12.     A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 2016 U.S. App. LEXIS 9695, at *3 (11th Cir., May 27, 2016).  In practice, this should normally be where the corporation maintains its headquarters. *Id.*

13.     Defendant Ryder Transportation Services, Inc. is not a legal entity but rather a trade name used by Ryder Truck Rental, Inc., who is a proper party to this case. (See Colorado Secretary of State Business Record, attached hereto as "Exhibit B"). Defendant Ryder Truck Rental, Inc. is incorporated in the State of Florida.  Its principal place of business is in Miami, Florida, both now and at the time the Complaint was filed.  Thus, Defendant Ryder is a citizen of the State of Florida, both now and at the time the Complaint was filed.  (See Alabama Secretary of State Business Record, attached hereto as "Exhibit C").

14.     Accordingly, the parties are completely diverse in accordance with 28 U.S.C. § 1332.

15.     Plaintiffs' Complaint also includes several fictitious defendants, but this inclusion is immaterial and should be ignored for purposes of removal analysis. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").  *See also Collins v. Fingerhut Companies, Inc.*, 117 F. Supp. 2d 1283 n.1 (S.D. Ala. 2000) (stating that "fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure").

### C.  <u>AMOUNT IN CONTROVERSY</u>

16.     In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs.  28 U.S.C. § 1332(a).

17.     Plaintiff's Complaint alleges claims of negligence and wantonness against both Defendants and demands judgment in excess of an Alabama Circuit Court's jurisdictional threshold, including compensatory and punitive damages, in an amount to be determined by a jury.  (See Ex. A, Complaint).

18.     According to Plaintiffs' Complaint, the damages incurred by Plaintiff Patrice Packer include:

      a.     temporary and permanent injury;

      b.     physical pain;

      c.     significant and extreme mental anguish;

      d.     extensive loss of income;

      e.     loss of promotions and other benefits with her employment;

      f.     general and punitive damages; and

      g.     medical expenses, both past and future.

(See Ex. A, Complaint ¶¶ 9, 16, 19).

19,    Additionally, Plaintiff Johnnie Packer, according to Plaintiffs' Complaint, has suffered:

      a.     tremendous expense in conjunction with the injuries suffered by his wife;

      b.     loss of consortium; and

      c.     loss of companionship.

(See Ex. A, Complaint ¶ 23).

20.    Plaintiff alleges that her injuries were caused due to the negligent and/wanton conduct of Defendants.  (See Ex. A, Complaint at ¶¶ 7-10, 12-13, 15-16, 18-20, 22-23).

21.    Plaintiffs seek compensatory damages to compensate Plaintiffs for their loss and injury sustained as well as "general" and "other" damages as allowed by the states of Alabama, plus interest and costs. (Ex. A, Complaint at ad damnum clauses following ¶¶ 10, 13, 16, 20, 23).

6

22.    In addition to compensatory damages, Plaintiffs also seek punitive damages against all Defendants.  (Ex. A, Complaint at ad damnum clauses following ¶¶ 13, 16, 23).

23.    According to recent decisions in the Northern District of Alabama, Plaintiff's Complaint, which asserts claims of negligence and wantonness and alleges physical, emotional and economic damages, on its face establishes the requisite amount in controversy.  *See Bush v. Winn Dixie Montgomery, LLC*, 132 F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. … Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.  Therefore, under current Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse parties in state court seeking

unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more.  Otherwise, a plaintiff will find herself in a federal court…").

24.    In *Bush*, *supra,* this Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *See Bush*, 132 F.Supp.3d at 1321-1322.  Despite the fact the Complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id*. at 1318.  In *Bush*, Judge Acker further opined, "This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id.* at 1318-1319.  "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in

her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id*. at 1319 (citing *Smith*, 868 F.Supp.2d 1333 (N.D. Ala. 2012)).

25.     In the present case, Defendant Ryder denies that it is liable to Plaintiffs in any amount, but it does not dispute that the amount in controversy exceeds $75,000.

26.     Additionally, on April 26, 2017, Plaintiff's counsel presented a pre-suit settlement demand to Ryder for an amount significantly in excess of the $75,000.00 jurisdictional threshold.

27.     Based upon the above-cited authorities, it is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

28.     Defendant Darden has been consulted regarding federal jurisdiction and consents and agrees to this Notice of Removal.

29.     As mentioned above, the filing of this Notice of Removal is within thirty (30) days from the date Defendant Ryder was served with the Summons and Complaint and, therefore, is timely.  *See* 28 U.S.C. 1446(b)(1).

## D.  <u>CONCLUSION</u>

30.     Defendant Ryder has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy, and removal is therefore proper. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant Ryder prays this cause, now pending before the Circuit Court of Marengo County, Alabama, be removed to the United States District Court for the Southern District of Alabama, Northern Division.

Respectfully submitted this the 9th day of June, 2017.

*/s/ Brett A. Ross*
Brett A. Ross                  ASB-6671-076B

Attorneys for Defendants Ryder Truck Rental, Inc., Ryder Transportation Services, Inc. and Earl Darden

<u>OF COUNSEL</u>:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama  35216
(205) 822-2006
(205) 822-2057 FAX
bross@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2017, I have served a true and correct copy of the above and foregoing Notice of Removal on counsel for all represented parties by:

_____Facsimile transmission;

_____Hand Delivery;

_____Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or

 XX  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Woodford Dinning
Lloyd & Dinning, LLC
Post Office Drawer 740
Demopolis, Alabama 36732

John M. Gibbs
Gibbs & Sellers, PC
Post Office Box 1276
Demopolis, Alabama 36732

/s/ Brett A. Ross
Of Counsel